ATTACHMENT 1

FILED
13 JUN 20 PM 1:23

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 13-2-23684-2 SEA

SUPERIOR COURT OF WASHINGTON IN AND
FOR KING COUNTY

| | |
|---|---|
| KEVIN MUNRO,<br><br>    Plaintiff,<br><br>vs.<br><br>KING BROADCASTING COMPANY,<br><br>    Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF |

Plaintiff Kevin Munro, individually and as class representatives for a National Class of similarly situated individuals and entities, alleges as follows:

## I. INTRODUCTION

1.1   Plaintiff Kevin Munro resides in Auburn, King County, Washington. The short message service ("SMS") or "text" messages in question were received on Plaintiff's cellular telephone in Auburn and other locations in King County, Washington.

1.2   Defendant King Broadcasting Company ("Defendant King") is a corporation with its principal place of business in Seattle, Washington.

1.3   This action arises out of Defendant's continual and repeated violations of the Telephone Consumer Protection Ac ("TCPA"), 47 U.S.C. § 227 (b)((A)(iii) and 47 C.F.R. § 64.1200 (a)(iii) by utilizing an automatic telephone dialing system ("ATDS") to send text



CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 1

messages to persons after such persons had requested that Defendant and its agents stop texting them.

## II. JURISDICTION

2.1     Venue and Jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and the Washington Constitution Article. 4 §6.

## III. FACTUAL ALLEGATIONS

3.1     Defendant owns or is also known as King 5, a television station in Seattle, Washington.

3.2     Two to three years ago, Defendant offered Plaintiff Munro an opportunity to receive morning text messages on a daily basis from King 5 providing the weather report for the upcoming day. Upon information and belief, Defendant offered the same opportunity to hundreds of other individuals in the King 5 viewing area. Plaintiff accepted the offer and began to receive such daily texts. After receiving the weather texts for approximately one month, Plaintiff decided he no longer wished to receive them.

3.3     Each text message Defendant sent to Plaintiff Munro, in addition to containing the daily weather report, contained the message: "Reply STOP to opt out." After about a month of receiving the weather texts, Plaintiff decided he no longer wished to receive them and replied STOP to the message, but, nevertheless, he continued to receive daily text messages from King 5. On approximately ten occasions over the course of the next few months, Plaintiff replied "STOP to opt out" after receiving one of the weather texts but, nonetheless, the text messages continued. Because the STOP option was ineffective, Plaintiff called King 5 and was connected to the Weather at King 5 where he heard a voice mail identifying King 5 and providing the opportunity for the caller to leave a voicemail message.

3.4     Plaintiff left a message describing the problem and, again, asked that the texts stop. Neither Defendant nor King 5 responded to Plaintiff's telephone message, and, as



WILLIAMSON & WILLIAMS
2239 W VIEWMONT WAY W
SEATTLE, WA 98199
(206) 466-6230
(206) 535-7899 (FAX)
www.williamslaw.com

indicated above, the text messages continued. Periodically after calling King 5 to ask that the texts stop, Plaintiff replied STOP to one of the weather texts, for a total of thirty to fifty such attempts, but, as stated, the texts continue even until today.

      3.5      Upon information and belief, Defendant sent tens of hundreds of weather text messages to Plaintiff and others who replied "STOP to opt out" of receiving the King 5 weather text messages and/or otherwise notified Defendant that they no longer wished to receive the text messages. Upon information and belief, Defendant intends to continue to place these text messages to Plaintiff and others who have asked, by replying "STOP to opt out" or by other means, that Defendant cease sending them the text messages..

      3.6      Defendant's sending of text messages to persons who asked Defendant to stop calling them violates the privacy of Plaintiff and potential Class members.

## IV. CLASS ACTION ALLEGATIONS

      4.1      Plaintiff brings this lawsuit as a Class action on behalf of himself and all other similarly situated persons, as a proposed Class pursuant to Civil Rule 23:

      4.2      The National Class is defined as:
> All persons who received one or more weather SMS text messages from Defendant after they had asked Defendant not to text them again.

      4.3      On information and belief, the Class consists of a large number of persons, making joinder impractical. The disposition of the claims of the Class members in a single Class action will provide substantial benefits to all parties and to the Court.

      4.4      Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like other Class members, received text messages from Defendant after asking Defendant to stop calling.

      4.5      There are numerous questions of law and fact common to Plaintiff and the Class, and these questions predominate over any questions that may affect individual Class members, and include, but are not limited to, the following:



WILLIAMSON & WILLIAMS
2239 W VIEWMONT WAY W
SEATTLE, WA 98199
(206) 466-6230
(206) 535-7899 (FAX)
www.williamslaw.com

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 3

a. Whether Defendant's sending texts to persons when such persons had requested that Defendant and its agents stop calling them violates 47 U.S.C. § 227 (c) and 47 C.F.R. § 64.1200 (a)-(iii);

b. Whether Plaintiff and the Class are entitled to statutory damages of $500 per violation under the TCPA;

c. Whether Plaintiff and the Class are entitled to injunctive relief; and

d. Whether Plaintiff and the Class are entitled to compensatory and exemplary damages, and the measure of such damages.

4.6   Plaintiff will fairly and adequately represent and protect the interests of the Class. He has retained counsel with substantial experience in prosecuting consumer class actions, including actions under the TCPA. Plaintiff will vigorously prosecute this action on behalf of the Class. Neither Plaintiff nor his counsel have any interests adverse to those of the Class.

4.7   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Class members would find the cost of litigating their individual claims to be prohibitive, and would have no effective remedy at law. Because of the relatively small size of the individual Class members' claims it is unlikely that individual Class members could afford to seek legal redress for Defendant's wrongful conduct. Absent a class action, Class members will continue to experience unwanted calls and Defendant's misconduct will proceed without a remedy to Plaintiff and the Classes. Class action treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

4.8   Defendant has engaged in a common course of conduct toward Plaintiff and



members of the Class by subjecting them to unlawful text messages. The common issues arising from this conduct that affect Plaintiff and members of the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

## V. CLAIM FOR RELIEF

### (Violation of the Telephone Consumer Protection Act)

For his first claim against Defendant, Plaintiff alleges:

5.1   _Reallegation._ Plaintiff realleges and incorporates by reference the preceding paragraphs.

5.2   _Violation._ Defendant has violated 47 U.S.C. 227(b)(A)(iii) and 47 CFR 64.1200 (a)(iii) promulgated pursuant to 47 U.S.C. 227(b) by sending weather SMS text messages to Plaintiff and members of the National Class when they had asked Defendant not to text them again.

5.3   _Damages._ As a result of Defendant's said violations, Plaintiff and members of the National Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as statutory damages, including treble damages, for each of Defendant's violations of the law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays that the Court enter judgment against Defendant and award the following relief:

A.   Certification of the proposed Class pursuant to CR 23(b)(2) and CR 23(b)(3);

B.   Granting declaratory, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will not continue to commit do-not-call violations;

C.   Judgment against Defendant for statutory damages of not less than $500 for each violation committed by Defendant, plus treble damages for each intentional or willful violation, and other damages as permitted by law;



WILLIAMSON & WILLIAMS | 2239 W VIEWMONT WAY W SEATTLE, WA 98199 (206) 466-6230 (206) 535-7899 (FAX) www.wmsonlaw.com

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 5

1

2      D.    Designation of Plaintiff as representative of the Class and his counsel as Class

3 Counsel;

4      E.    An award of statutory, compensatory, and exemplary damages for the acts

5 complained of herein;

6      F.    An award of costs and attorneys' fees, as allowed by law; and

7      G.    Such other or further relief as the Court determines equitable.

8

9    DATED this 20th day of June, 2013.

10

11                                      WILLIAMSON & WILLIAMS

12                                      By _____
Rob Williamson, WSBA #11387

13                                      Kim Williams, WSBA #9077

14                                      TERRELL MARSHALL DAUDT & WILLIE

15                                      Beth E. Terrell, WSBA #26759
bterrell@tmdwlaw.com

16                                      Kimberlee L. Gunning, WSBA #35366
kgunning@tmdwlaw.com

17                                      936 North 34th Street, Suite 400
Seattle, Washington 98103

18                                      Telephone: (206) 816-6603

19                                      Facsimile: (206) 350-3528

20                                      *Attorneys for Plaintiff*

21

22

23

24

25

26

WILLIAMSON & WILLIAMS
2239 W VIEWMONT WAY W
SEATTLE, WA 98199
(206) 466-6230
(206) 535-7899 (FAX)
www.williamslaw.com

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE AND DECLARATORY RELIEF - 6