UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN MUNRO, et al., <br><br>           Plaintiffs, <br><br>        v. <br><br> KING BROADCASTING COMPANY, <br><br>           Defendant. | CASE NO. C13-1308JLR <br><br> ORDER GRANTING MOTION TO AMEND |

Before the court is Plaintiff Kevin Munro's motion to amend his complaint on behalf of himself and a putative class. (Mot. (Dkt. # 38).) Since he filed the complaint, Mr. Munro has learned more about the facts of this case. Now, he wishes to amend his complaint so that he can expand his claims to account for the new information. Defendant King Broadcasting Company ("King") does not oppose the motion. The court has examined the motion, the reply memorandum, the governing law, and all relevant portions of the record. Considering itself fully advised, the court GRANTS the motion.

ORDER- 1

## I. BACKGROUND

This is a case about unwanted text messages. Several years ago, Plaintiff Kevin Munro signed up to receive daily text messages about the weather from local news station "King 5." (Compl. (Dkt. # 1-1) ¶ 3.2.) Each morning, King 5 would send Mr. Munro a text message providing the weather report for the upcoming day. (*Id.*) After receiving these text messages every morning for about a month, Mr. Munro decided he no longer wanted to receive them and attempted to opt out. (*Id.*) Each message included instructions to "Reply STOP to opt out." (*Id.* ¶ 3.3.) Mr. Munro replied "STOP" to one of the text messages, but the messages kept coming. (*Id.*) Mr. Munro attempted this same action approximately ten times over the course of the next few months, but the text messages still kept coming. (*Id.*) Mr. Munro called King 5 in a further attempt to opt out. (*Id.* ¶¶ 3.3-3.4.) He was transferred to voicemail, so he left a message describing the problem and asking that the texts stop. (*Id.*) The text messages did not stop, so Mr. Munro continued to reply "STOP" to the text messages, repeating his reply of "STOP" between 30 and 50 times over the course of several months. (*Id.* ¶ 3.4.) The text messages still did not stop, and Mr. Munro alleges that they continue to this day. (*Id.*) Mr. Munro eventually filed this lawsuit in King County Superior Court, claiming that King's actions violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. (*See generally* Compl.)

Now that some discovery has taken place, Mr. Munro wants to amend his complaint. Mr. Munro asserts that he recently learned (based on disclosures made in discovery) that the text messages related not only to weather, but to other subjects as

well, including news, sports, traffic, and school closures. (Daudt Decl. (Dkt. # 39) ¶ 4.) Accordingly, he wishes to amend his complaint to add allegations related to these other subjects. (*See* Mot.)

## II.     ANALYSIS

**A.     Standard on a Motion to Amend Pleadings**

Federal Rule of Civil Procedure 15(a) provides that, after an initial period for amendments as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Fed. R. Civ. P. 15(a). Generally, "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule should be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Federal policy favors freely allowing amendment so that cases may be decided on their merits. *See Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). Further, amendments seeking to add claims should be granted more freely than amendments seeking to add parties. *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

The court ordinarily considers five factors when determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The court need not consider all of these factors in each case. *Atkins v. Astrue*, No. C 10-0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011). The third factor, however, prejudice to the

opposing party, is the "touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.     Amendment is warranted in this case**

Under this standard, the court GRANTS Mr. Munro's motion. As an initial matter, King has filed no response. Under Western District of Washington Local Rule CR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. CR 7(b)(2). Here, the court treats King's failure to respond as an admission that this motion has merit. This is appropriate in light of the fact that amendments are permitted with the opposing party's written consent. *See* Fed. R. Civ. P. 15(a). King undoubtedly had notice of this pending motion, but chose not to respond to it.

Amendment is also proper under the five factors listed above. There is no suggestion in the record that Mr. Munro acted in bad faith or caused undue delay. To the contrary, it appears Mr. Munro moved to amend as soon he learned of the grounds for doing so. (Mot. at 5.) There is also no suggestion of prejudice. Mr. Munro asserts that amending the complaint will not create a substantial additional discovery burden or otherwise prejudice King (Mot. at 6), and King has made no showing otherwise. There is also no showing of futility and the court can discern no reason for believing amendment would be futile. Finally, this is Mr. Munro's first proposed amendment to his complaint. (*See* Dkt.) Thus, the court GRANTS the motion to amend in light of these five factors and the "extreme liberality" with which motions to amend are interpreted. *Morongo Band of Mission Indians*, 893 F.2d at 1079.

### III. CONCLUSION

For the reasons stated above, the court GRANTS Mr. Munro's motion to amend (Dkt. # 38).

Dated this 18th day of March, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 5